NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREL ROCHA; PRENOVOST
NORMANDIN DAWE & ROCHA,

       Appellants,

  v.

MEGAN CHRISTINE FIEDLER, et al.,

       Appellees.

No.   24-3692

Adv. No. 23-02038

BAP No. 23-1185

MEMORANDUM[*]

Appeal from the United States
Bankruptcy Appellate Panel of the Ninth Circuit

Submitted April 10, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Karel Rocha and his law firm, Prenovost, Normandin, Dawe & Rocha, appeal

a Ninth Circuit Bankruptcy Appellate Panel ("BAP") decision affirming the

bankruptcy court's imposition of non-monetary sanctions under Federal Rule of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Procedure 9011. We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

We review "an award of sanctions for an abuse of discretion." *In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004). We review the bankruptcy court's conclusions of law de novo, and the court's factual findings for clear error. *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995). The bankruptcy court's factual findings are "given great deference." *In re Nakhuda*, 544 B.R. 886, 898 (B.A.P. 9th Cir. 2016).

The bankruptcy court did not abuse its discretion by imposing non-monetary sanctions against Rocha. For court-initiated sanctions, we have "instructed courts to apply a higher 'akin to contempt' standard than in the case of party-initiated sanctions when applying Rule 9011(b)." *Id*. at 890 (quoting *United Nat'l Ins. Co. v. R & D Latex Corp*., 242 F.3d 1102, 1116 (9th Cir. 2001)). This standard generally requires the court to find "'bad faith or conduct tantamount to bad faith.'" *In re Lehtinen*, 564 F.3d 1052, 1061 (9th Cir. 2009) (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)), *overruled on other grounds by In re Gugliuzza*, 852 F.3d 884, 898 (9th Cir. 2017). Thus, even in the absence of an explicit finding of bad faith, we may affirm if the record demonstrates that that the court made findings tantamount to bad faith—*i.e.*, that counsel's conduct was outrageously improper, unprofessional and unethical. *Id.* at 1061.

Rocha argues that we should reverse the bankruptcy court's sanctions order

2                                                                                    24-3692

because the court did not apply the higher "akin to contempt" standard when imposing sua sponte sanctions under Rule 9011(b). Although the court did not cite the "akin to contempt" standard, the record demonstrates that the court ultimately made findings tantamount to bad faith that are sufficient to satisfy the standard. *See Lehtinen*, 564 F.3d at 1061; *Fink*, 239 F.3d at 994; *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir. 1985). The bankruptcy court found that Rocha did not conduct a reasonable pre-filing inquiry, his fraud claim against Fiedler was not well-founded and based on dubious allegations, and the complaint included incorrect and legally frivolous assertions that demonstrated an improper motive. Indeed, Rocha conceded that he had no case law or legal support for some of his claims, and his co-counsel conceded that the fraud claim was premised on two threadbare allegations. Moreover, the bankruptcy court found that Rocha had engaged in a pattern of misconduct by filing complaints containing similarly frivolous allegations in six other adversary proceedings in the Eastern District of California. Rocha has not shown that these findings are clearly erroneous.

Rocha also argues that the bankruptcy court abused its discretion because (1) the conduct at issue was at most negligent or ignorant—not performed in bad faith, (2) the court improperly relied on non-evidentiary statements filed after the complaint, and (3) the type of sanction imposed was unwarranted. Rocha's arguments are unavailing. First, as explained, the bankruptcy court's findings

tantamount to bad faith are not clearly erroneous. Second, Rocha provides no legal authority for his assertion that the bankruptcy court was barred from considering any document filed after the complaint in determining whether to impose sanctions. Last, the bankruptcy court has "broad discretion in determining the type of sanctions to impose," as long as the sanctions are used to deter similar conduct. *In re Seare*, 515 B.R. 599, 621 (B.A.P. 9th Cir. 2014). Given that Rocha has filed six other complaints in the district with identical frivolous language, the court's non-monetary sanction—imposing prefiling review of any complaint filed in the district by Appellants that alleges nondischargeable debt—was "fair, supported by the evidence and reasonable," and not an abuse of discretion. *Id.*

**AFFIRMED.**